UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:14CR250 (JBA) |
| | : | |
| v. | : | |
| | : | |
| DAVID C. JACKSON | : | FEBRUARY 19, 2015 |
| ALEX HURT | : | |

## MOTION FOR ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT

The Government respectfully requests that, consistent with the Supreme Court's decision in United States v. Zedner, 547 U.S. 489 (2006), this Court enter a written order finding:   1) that the ends of justice served by a jury selection date of September 1, 2015, which is beyond the time requirements of the Speedy Trial Act, outweigh the best interest of the public and the defendants in a speedy trial; and 2) that the time period from February 19, 2015, up to and including September 1 2015, is, therefore, excludable under the Speedy Trial Act.

Time may be excluded under the Speedy Trial Act when the Court "sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A).   In support of this motion, the undersigned represents as follows:

1.     On or about December 22, 2015, a federal grand jury sitting in New Haven, Connecticut, returned a eleven-count indictment.   Count one charges both defendants with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1348.   Jackson is charged in Counts two through Ten with Wire Fraud in violation of Title 18, United States Code, Section 1343.   Hurt is charged in Counts seven through nine with wire fraud

and is also named in Count 11 with making a false statement to law enforcement.   In

substance, the conspiracy alleges that the defendants engaged in an advance fee scheme

from in or about March 2010 through October 2014, with eight victims of the scheme

named in the indictment.   Hurt was arraigned before the Honorable Thomas P. Smith on

or about January 20, 2015 and Jackson was arraigned before the Honorable Joan Glazer

Margolis on January 21, 2015.   Each entered not guilty pleas.   A scheduling order was

issued setting jury selection for March 3, 2015.

2.    On February 6, 2015, Jackson, with the consent and agreement of the parties, filed a motion

to continue jury selection and for an amended scheduling order.   The parties requested that

motions be due on or before May 1, 2015, with responses due on or before May 29, 2015,

and that jury selection occur in September 2015.   The continuance was requested on the

basis that the discovery in the case was voluminous involving thousands of documents,

bank and financial records, and audio recordings.

3.    On February 19, 2015, the Court granted the motion to continue, conditional upon the

execution of speedy trial waivers,1  and set a new schedule with jury selection for

September 1, 2015, and a pretrial conference on June 16, 2015.

4.    Given the nature of the charges, complexity of the case and trial, and in view of the

discovery materials provided to date and the need of for counsel to evaluate review the

discovery, evaluate the case and, if the matter cannot be resolved, time to prepare for trial,

an exclusion of time is warranted under the Speedy Trial Act. Accordingly, the

undersigned respectfully suggests that the Court enter an Order excluding time until

---

1 Jackson filed a speedy trial waiver on February 6, 2015. (Doc. No. 47) .

September 1, 2015 under the Speedy Trial Act so as to afford the defendants and their

counsel sufficient time to evaluate the evidence in this case, discuss the case meaningfully

with their attorneys, assess the most prudent manner in which to proceed, and, if necessary,

prepare for trial. *See* 18 U.S.C. § 3161((h)(6) and (7)(A).

5.      In addition, the defendants are facing substantial terms of imprisonment in this case if

convicted.    Accordingly, given the defendants' exposure, the delay will provide additional

time is needed for meaningful plea discussions.    See United States v. Dohou, No.

08-5010-cr, 2010 WL 2563407 at *2, 382 Fed..App'x 32, 34 (2d Cir. June 24, 2010)

(summary order) ("[T]ime was properly excluded . . . based on numerous factors including

. . .for plea negotiations to take place."); Probber v. United States, No. 06 Civ. 6303(LBS),

2007 WL 2746809 at *2 (S.D.N.Y. Sept. 19, 2007) ("[A] continuance granted to allow the

defendant and the government to discuss plea bargaining is also proper under the [Speedy

Trial] Act."); Cole v. United States, No. 98 CV 7670(SJ), 2006 WL 2095711 at *3

(E.D.N.Y Apr. 30, 2006) (same); United States v. Van Someren, 118 F.3d 1214, 1218-19

(8th Cir. 1997) (collecting cases and holding that "the time spent on plea negotiations is

excludable"); United States v. Fields, 39 F.3d 439, 445-46 (3d Cir. 1994) (permitting

Speedy Trial Act continuance on basis of ongoing plea negotiations); but see United States

v. Ramirez-Cortez, 213 F.3d 1149, 1155-56 (9th Cir. 2000) (finding court was "constrained

to adhere to our circuit's prior precedent" holding that negotiation of plea bargain is not one

of the factors supporting exclusion).

6.      Jackson is presently in custody.    Hurt is on bond.

7.      For the reasons stated above, the ends of justice served by the jury selection date of

September 1, 2015 on the defendant's motion to continue, outweighs the best interest of the public and the defendants in a speedy trial.

WHEREFORE, the Government respectfully requests the entry of an order excluding the corresponding time period from the Speedy Trial Act on the grounds that the ends of justice served by a jury selection date of September 1 2015, and an exclusion of time until the date of jury selection, outweigh the best interest of the public and the defendants in a speedy trial.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY


/s/
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct08083
157 Church Street, Floor 25
New Haven, CT 06510
Tel.: (203) 821-3700

## CERTIFICATION OF SERVICE

I hereby certify that on February 19, 2015, a copy of the foregoing Motion for Order Excluding Time Under Speedy Trial Act and proposed Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. Ct08083
157 Church Street, Floor 23
New Haven, CT 06510
Tel.: (203) 821-3700

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:14CR250 (JBA) |
| | : | |
| v. | : | |
| | : | |
| DAVID C. JACKSON | : | FEBRUARY 20, 2015 |
| ALEX HURT | : | |

<u>ORDER</u>

The Government has moved to exclude time under the Speedy Trial Act. For the reasons set forth below, the Government's motion is hereby GRANTED.

In light of the voluminous discovery which has been provided to the defense, the nature of the charges, and complexity of the case and anticipated trial, and the exposure faced by the defendants should they be convicted, consistent with the parties motion to continue jury selection and for an amended scheduling order which was granted by the Court on February 19, 2015, an exclusion of time is warranted under the Speedy Trial Act. *See* 18 U.S.C. § 3161((h)(6) and (7)(A).

It is therefore ORDERED that pursuant to 18 U.S.C. § 3161(h) the period of delay from February 19, 2015, up to and including September 1, 2015, the date jury selection is now scheduled to commence, is excluded from the calculation of the applicable time limits under the Speedy Trial Act because the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendants in a speedy trial, for the reasons outlined in the Government's motion and summarized above.

SO ORDERED.

DATED: _____

_____
HONORABLE JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE