UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | Crim. No. 3:14cr250 (JBA) |
| v. | |
| DAVID C. JACKSON and ALEX HURT | September 3, 2015 |

**RULING DENYING DEFENDANT HURT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF RECORDED CALLS**

Defendant Alex Hurt moves [Doc. # 105] to preclude the Government from introducing evidence of telephone calls recorded with only one party's consent. Mr. Hurt contends that such recordings are inadmissible under Conn. Gen. Stat. § 52-570d, which prohibits the recording of phone calls without both parties' consent or notification to both parties that the call is being recorded. (Mot. in Limine re Recorded Calls at 1.) Although Defendant acknowledges that under federal law, "it is not unlawful for a party to a communication to tape that conversation" and that "federal law generally governs the admissibility of evidence in a federal criminal trial," he argues, relying on *United States v. Sotomayor*, 592 F.2d 1219 (2d Cir. 1979), that "where [a] [s]tate ha[s] stricter standards than federal law require[s]" with regard to wiretaps, "the federal court should apply the stricter [state] rules." (Reply [Doc. # 111] at 2.)

However, as the Government notes in its Surreply [Doc. # 112], since *Sotomayor*, the Second Circuit has clarified that federal law governs the admission of recordings in federal court cases even where state law applies "more stringent" standards "designed to protect an individual's right to privacy." *United States v. Miller*, 116 F.3d 641, 661 (2d Cir. 1997)); *see also United States v. Amanuel*, 615 F.3d 117, 122 (2d Cir. 2010) ("[W]e agree

with the district court's determination that in this federal case, federal law governs the use of a state-issued eavesdropping warrant."); *Miller*, 116 F.2d at 661 ("[E]ven the interpretive dicta of *Sotomayor*, suggesting that a state's more stringent statutory requirements might be applied in a federal prosecution if those requirements were more substantive than procedural, have never been applied to bar the introduction of wiretap evidence.").

Although the recordings at issue here are not the product of wiretaps, making this case somewhat different from *Sotomayor*, *Amanuel*, and *Miller*, to the extent Defendant suggests that the logic of the dicta in *Sotomayor* should be extended to the context of recordings made with one-party consent, his argument is foreclosed by the Second Circuit's rulings in *Amanuel* and *Miller* repudiating, or at least severely limiting, *Sotomayor*'s dicta.

Because all parties agree that the recordings at issue here are admissible under federal law, and the Court finds that federal, not state law applies, Defendant Hurt's Motion [Doc. # 105] in Limine to Preclude Evidence of Recorded Calls is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of September 2015.

2