UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX HURT | Criminal No. 3:14cr250 (JBA)<br><br>February 25, 2020 |

**RULING DENYING DEFENDANT'S FIRST STEP ACT MOTION**

Defendant Alex Hurt moves for immediate release or resentencing pursuant to the First Step Act ("FSA") of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes this motion on the grounds that Defendant has not presented "extraordinary and compelling" reasons justifying release. The Court agrees with the Government, and so DENIES Defendant's motion for the reasons that follow.

In 2015, Mr. Hurt was convicted of three counts of wire fraud, one count of conspiracy to commit wire fraud, and one count of making false statements. (Jury Verdict [Doc. # 154].) On April 1, 2016, the Court sentenced Mr. Hurt to a term of 60 months imprisonment on each count to run concurrently with each other. (Judgment [Doc. # 213] at 1.) The Court made a recommendation to the Bureau of Prisons ("BOP") that Mr. Hurt "be designated to a facility as close to Phoenix, [Arizona,] as possible to facilitate family visitation." (*Id.* at 3.)

Mr. Hurt spent the first eighteen months of his sentence at FCI La Tuna, "a low security Federal prison in El Paso, Texas," located "575 driving miles from his family." (Def.'s Mem. Supp. FSA Mot. [Doc. # 234-1] at 1.) He was then transferred to Lompoc Prison Camp in California, "which is 560 miles from his home." (*Id.*) Mr. Hurt represents that "[b]ecause of this

distance[,] his family has only been able to visit him twice[,] as it is a 13[-]hour trip each way due to Los Angeles traffic." (*Id.* at 2.) At the time of filing his motion, Mr. Hurt had spent 21 months at Lompoc Prison Camp. (*See id.* at 1-2.) His release date is scheduled for October 21, 2020. (*Id.* at 1.)

Mr. Hurt contends that he is entitled to First Step Act relief "because of his harsh imprisonment at La[ ]Tuna, and because both prison locations are situated a substantial distance from his family, circumstances not contemplated by the Court at sentencing." (*Id.* at 2.) He broadly asserts that these conditions qualify as "extraordinary and compelling reasons" for a sentence modification as contemplated by 18 U.S.C. 3582(c)(1)(A)(i).[1]

The Government opposes Defendant's motion, asserting that "the reasons advance[d] . . . are neither extraordinary or compelling." (Gov't Am. Opp. [Doc. # 238] at 1.)[2] The Government notes that courts have rejected similar requests, as it is generally expected that "incarceration may interfere with '[a defendant's] ability to see and care for his family.'" (*Id.* at 5 (quoting *United States v. Pringle*, 2019 WL 6682244, at *2 (E.D.N.Y. Dec. 6, 2019)).) The Government also notes that "according to the Bureau of Prisons website, [Defendant] is presently confined at USP

---

[1] Section 3582(c)(1)(A)(i) provides:

[T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[2] The Government observes that "[i]t is unclear whether [Defendant] has sufficiently exhausted administrative remedies as required by Section 3582(c)(1)(A)," but "assum[es] for the sake of argument that he has." (Gov't Opp. at 4; *but see* Second Supp. FSA Mot. [Doc. # 236] at 1 (attaching August 18, 2016 attorney letter to the BOP requesting that Defendant be placed in "the closest possible prison camp" to Phoenix, Arizona).) The Court will assume the same.

Tucson . . ., a penitentiary with an adjacent minimum security satellite camp[,]" that "is approximately an hour from Phoenix." (*Id.* at 5-6.) In the Government's view, this transfer "substantially diminishe[s]" "any travel issues raised by [Defendant." (*Id.* at 6.)

In light of this recent transfer from a California facility to an Arizona facility, the Court concludes that Defendant's motion has been rendered moot. Mr. Hurt's family is now within reasonable driving distance of him, and so the Court need not decide whether the prior conditions of his confinement provided "extraordinary and compelling reasons" as required by 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, Defendant's motion for immediate release or resentencing [Doc. # 234] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of February 2020.